```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATES OF AMERICA,                                   :
                                                            :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                                                            :
              - against -                                   :    14-cr-682 (BMC)
                                                            :
 JUAN BERRIOS,                                              :
                                                            :
                            Defendant.                      :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

The issue before me is the amount of restitution that defendant must pay as a result of his child pornography possession conviction for, among other things, possessing one illegal child pornographic image of a victim. The issue calls for me to apply the Supreme Court's recent decision in Paronline v. U.S., __ U.S. __, 134 S. Ct. 1710 (2014), which set forth both the causation requirements for an award of restitution under the applicable statute, 18 U.S.C. §2259, and the considerations to be undertaken in determining how much of the victim's damage should be allocated to a particular defendant.

There are actually two victims involved in the present case. Defendant does not contest the Government's request of an award of $3500 as to the first victim. He does contest additional restitution of $3500 to the second victim, on the ground that her proof of damages, as conveyed by the Government, is inadequate. He nevertheless consents to an award of $500 on the ground that the single image "undeniably caused some harm."

The submission by the Government consists principally of a psychological evaluation and questionnaire. I don't think it can be disputed that these reports show psychological trauma and depression that is extreme and continuing in virtually every aspect of the victim's personality, e.g., constant head chatter, graphic flashbacks, and panic attacks that feel like heart attacks. The diagnosis includes Dissociative Identity Disorder, Major Depressive Disorder, Recurrent, Severe without psychotic features. She needs psychiatric therapy at least once per month for the first six months, and psychological counseling at least once per week for at least three years. Without reciting the findings in the report chapter and verse, I have no difficulty finding as a fact that this is a badly traumatized person and that the factual and proximate cause of her dysfunctionality is her photographed abuse and her knowledge of its dissemination and possession by a multitude of largely unknown third parties.

The problem I have with the Government's evidence, and it is the problem that defendant identifies, is that I have been given no basis for estimating the cost of remediating the injuries that this victim has suffered. The statute speaks very specifically about the elements of damages that should be included in the restitution order – it refers to "costs incurred by the victim." 18 U.S.C. § 2259(b)(3). These are defined, in part, as medical services, including mental health care; lost income; attorneys' fees, and a catch-all provision for any other proximately caused losses. Id.

I believe that both the statute and Paroline require some effort at quantification. That effort certainly does not have to be precise, but it has to give a court some basis for arriving at an overall approximate loss number so that the Court can then make an allocation based on the harm attributable to any particular defendant. Thus, Paroline envisions a two-step process. The first step is "as a starting point, [to] determine the amount of the victim's losses caused by the

2

continuing traffic in the victim's images" to the extent they were proximately caused by that trafficking. Paroline, 134 S. Ct. at 1728. The second step then involves consideration of any appropriate factors to allocate some portion of those losses to the victim, a non-exclusive list of which are offered in Paroline.

I recognize that the Supreme Court cautioned sentencing courts not to apply particular factors as a "rigid formula," id., and that applies to both steps, but I read Paroline as applying that caution particularly to the second step of the analysis, which lends itself to considerable flexibility. Indeed, the victim in Paroline identified losses of $3 million in lost income and nearly $500,000 in future treatment and counseling costs. Thus, when the district court sought to examine the allocation, it had something to allocate. See also U.S. v. DiLeo, 58 F. Supp. 3d 239 (E.D.N.Y. 2014) (ordering $2000 in restitution where the victim, through the Government, identified losses of $1,084,053.29, including $113,600 in future psychological counseling, $53,330 in educational and vocational counseling needs, $828,150 in lost future earnings, and $88,973.29 out-of-pocket costs).

Here, the Government has offered me nothing to suggest any basis for estimating the total allowed statutory costs that the victim will incur, and thus it is not possible to determine what a reasonable allocation would be as to this defendant. I have no way to estimate, for example, what three years of psychological therapy might cost, or the amount of lost income that this victim might suffer.

Instead, the Government has offered evidence only as to the second step, i.e., the allocation process, of the Paroline analysis. It cites, for example, two other restitution awards of $50,000 and $3500 in favor of this victim, of which she has actually received the $3500 award. But I see nothing on the docket of either of the cited cases to explain how the respective courts

arrived at their awards.  The rest of the Government's second-step analysis is qualitative rather than quantitative (e.g., since defendant had the picture on a file-sharing system accessible to others, that suggests, according to the Government, an enhanced award, but the Government also candidly points out that there was only a single picture, which, although the Government does not say so, might mitigate restitution somewhat).

There is nothing wrong with, and indeed Paroline contemplates, the use of qualitative factors in arriving at an allocation, but without some effort to define the total economic harm, it leaves the Court essentially guessing at what a reasonable allocation would be.  The point of Paroline, or at least one of its points, is that a guess that is unfettered to the degree that is presented to me here is inconsistent with due process. I am therefore unable to enter an award in favor of this victim.

Finally, with regard to defendant's offer of $500 in recognition that some harm was caused, I see nothing in the statute or Paroline that would permit me to impose that.  I therefore view it as an offer from defendant to the Government to resolve the issue.  The Government needs to consult with this victim and determine whether to accept that offer or to instead preserve

the issue decided in this opinion. Absent further advice from the Government before the end of the allowed period for determining restitution as to whether the victim wishes to accept a $500 award, the Court's order of restitution will be $3500 as to the first victim and no restitution as to the second.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 30, 2015